1  CAROL A. SOBEL SBN 84483
   LAW OFFICE OF CAROL A. SOBER
2  429 Santa Monica Boulevard, Ste. 550
   Santa Monica, California 90401
3  t. 310 393-3055   f. 310 393-3605
   e. carolsobel@aol.com
4
   REBECCA F. THORNTON
5  LAW OFFICE OF REBECCA F. THORNTON
   429 Santa Monica Boulevard, Ste. 550
6  Santa Monica, California 90401
   t. 310 393-3055   f. 310 393-3605
7  e. rebecca@humanrightsesq.com



UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA - Western Division

| | |
|---|---|
| HOLLYWOOD CHARACTERS, an unincorporated association, MATTHIAS BALKE, MELISSA BEITHAN, PAUL HARRELL, TERRELL "TONY" TOMEY,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, a municipal entity, OFFICER CHACON (Badge # 36926), OFFICER GONZALES (Badge # 37578), OFFICER MACHADO (Badge # 37048), OFFICER JORDAN (Badge # 32285), OFFICER RUTKOWSKI (Badge # 40290) and DOES 1- 10, all in their official and individual capacities,<br><br>Defendants. | CV10 5848 DDP (CWx)<br><br>COMPLAINT: JURY DEMAND<br><br>CIVIL RIGHTS: 42 U.S.C. §1983:<br><br>FIRST AMENDMENT<br><br>FOURTH AMENDMENT<br><br>CALIFORNIA CONSTITUTION:<br><br>ARTICLE I, SEC. 2<br><br>ARTICLE I, SEC. 13<br><br>Civil Code § 52.1<br><br>False Arrest |

**JURISDICTION AND VENUE**

1.     This is an action for temporary, preliminary, and permanent injunctive relief pursuant to 42 U.S.C. § 1983, as well as damages, based upon the ongoing violations by the defendants of the rights secured to plaintiffs by the First, Fourth, and Fourteenth Amendments of the United States Constitution. This Court has

jurisdiction over plaintiffs' claims pursuant to 28 U.S.C. §1331 (in that this action poses a federal question, as it arises under the Constitution of the United States); §1343(a)(3) (in that it is brought to redress deprivations, under color of state law, of rights, privileges and immunities secured by the United States Constitution); and under § 1343(a)(4) (in that it seeks to secure equitable relief under an Act of Congress providing for the protection of civil rights, specifically under 42 U.S.C. § 1983); and the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

2. Venue is proper in the Central District of California under 28 U.S.C. 1391(b). Defendants are located in the Central District, and all of the acts and/or omissions which give rise to the claims herein occurred, or will occur, in this District.

## STATEMENT OF FACTS

3. This case arises from the actions by the Los Angeles Police Department ("LAPD") against street performers on the sidewalks of Hollywood Boulevard. The plaintiffs and the individuals in the Hollywood Characters unincorporated association perform in public as superhero characters and iconic movie stars. They embody these characters to the public, impersonating their voices, mannerisms, and dialogue. Plaintiffs, including the Hollywood Characters, interact with members of the public, many of whom seek to have their photographs taken with the Hollywood Characters. Over the course of the past two months, the Los Angeles Police Department has initiated a campaign to arrest Plaintiffs on false charges of violating Los Angeles Municipal Code § 41.18(a) for "obstructing" a sidewalk. Each of the individual named plaintiffs was arrested, taken into custody, handcuffed, and transported to a police station. Plaintiffs Balke, Harrell and Tomey were required to post bail and appear on criminal charges, which were dropped on or about early July 2010.

4. On June 4, 2010, at approximately 7:30 p.m., Plaintiffs Balke, Beithan and Harrell were arrested as they stood together on the curb of the public sidewalk outside the Fashion 21 store in the 6800 block of Hollywood Boulevard, at the

Hollywood and Highland complex. At the time, BALKE was wearing in costume and performing as the character Wolverine from the movie "X-Men." Plaintiff HARRELL was performing as The Joker from the movie, "The Black Knight," and plaintiff BEITHAN was performing as Cat Woman. Approximately one week earlier, on or around May 28, 2010, several characters on the Hollywood Boulevard were arrested, including an individual who wears a Bumblebee "Transformer" costume.

5. On June 2, 2010, plaintiff TOMEY was arrested when he was performing as Batman on Hollywood Boulevard in front of Madame Tussaud's at approximately 2:30 p.m. Approximately 15 minutes after he started performing, a patrol car arrived and two officers, believed to be Officers JORDAN and RUTKOWSKI, exited the vehicle and approached TOMEY. The officers grabbed him by the arm and led him to the patrol car, where he was ordered to put his hands on his head, then handcuffed and placed in the police vehicle. TOMEY was transported to Wilcox station, questioned, held for a day at two different facilities, then released without any charges filed.

6. The area where plaintiffs Balke, Beithan and Harrell were standing on the sidewalk on the evening of June 4th is very wide. Plaintiffs observed that members of the public were freely able to walk up and down the sidewalk in front of them. There was light pedestrian traffic and at some points while plaintiffs were standing on the curb, there were no pedestrians in the area. Occasionally, a few people would stop and take photographs of the group of characters. Plaintiffs did not engage the members of the public who had stopped on the sidewalk to take photos of the characters except to tell them it was fine to take the pictures. They did not solicit any tip, donation or other form of monetary or non-monetary payment.

7. After approximately 10 minutes, BALKE, BEITHAN and HARRELL were approached by several individuals wearing Los Angeles Police Department uniforms, badges and insignias. The officers appeared to be completing an arrest of an individual they had brought out of the Hollywood and Highland complex. This

individual was in handcuffs and was being walked to the back of a patrol car. At about the same time, at least one additional patrol car arrived at the location.

8. The officers approached plaintiffs BALKE, BEITHAN and HARRELL. On information and belief, plaintiffs allege that Officer Chacon pointed his finger at Plaintiff Harrell and said words to the effect: "You are coming with us." Officer Chacon then pointed at BALKE and said "You need to leave." When Officer Chacon told BALKE to leave, BALKE asked what law he was breaking at the time. Officer Chacon did not respond to him verbally. Instead, he motioned with his hand and said "come on," which BALKE understood to mean, based on Chacon's words and his hand motion, as well, as his prior interaction with plaintiff HARRELL, that BALKE was being taken into custody by the officers and was no longer free to leave.

9. Immediately after arresting BALKE, Officer Chacon pointed to plaintiff BEITHAN and ordered her to leave. When BEITHAN refused to leave, she was arrested, as well. Officer Chacon grabbed plaintiff HARRELL, Officer Gonazalez grabbed BEITHAN by the arm, and a third officer grabbed BALKE by the arm and walked the trio west on Hollywood Boulevard to where two patrol cars were parked near the Grauman Theater box office.

10. When the three arrived at this location in front of the Grauman, each was handcuffed. Within about 5 minutes, a third patrol car arrived and BALKE, BEITHAN and HARRELL were each placed in a separate patrol car and transported to Wilcox police station. BALKE and HARRELL were handcuffed to a wooden bench until they were put through the booking process. After approximately 30 minutes, they were taken in to be photographed and fingerprinted. BALKE and HARRELL were held at the station for four hours and released around midnight after each posted cash bail of $250.

11. Plaintiff BEITHAN was fingerprinted and held in a cell at Wilcox station, then transported to the women's jail at Van Nuys police station. At Van Nuys, she was fingerprinted again and held in a cell for approximately an hour, before

being released with two bus tokens to get home in the middle of the night.

12. Plaintiffs BALKE and HARRELL were required to retain a criminal defense lawyer to represent them. On July 2, 2010, criminal defense counsel for BALKE and HARRELL appeared at the Hollywood Criminal Court on a misdemeanor charge of violating Los Angeles Municipal Code §41.18(A), "blocking a sidewalk." All charges against them were rejected for filing.

13. Since their arrests, none of the plaintiffs has performed on Hollywood Boulevard for fear that they would be arrested again. They want to go back to this area because they want to perform as their characters. In addition, each of the plaintiffs has avoided walking in the area, even though they all live within a short distance of the Hollywood and Highland complex. They are concerned that if they are seen by police in the area, they will be arrested and charged with loitering or some other crime, even if they are not in costume and not performing. Their fear is based on the information and belief that one of the other Hollywood Characters was arrested for loitering shortly after they were arrested. At the time, this individual was not in costume. He was videotaping public events in the area when he was approached by the police, who told him they knew who he was even though he was not in costume.

14. Each of the acts complained of herein was taken, and each violation of plaintiffs' rights occurred, pursuant to the policies, practices, or customs of the LAPD.

15. In doing each of the constitutional violations complained of herein, defendants, their officials, agents, and employees were acting under color of law.

16. Plaintiffs are informed and believe and on such basis allege that at all times relevant to this action, each of the individual defendants, including DOES 1 through 10, were the agents, servants and/or employees of the defendant CITY, and were acting all times within the scope of their agency and employment and with the knowledge and consent of their principal and employer, the City of Los Angeles.

17. The acts of defendants were done with malice toward plaintiffs based on the fact that plaintiffs were engaged in exercising their First Amendment rights and

was done to deter or prevent plaintiffs from exercising such rights.

**PARTIES**

**Plaintiffs:**

18. HOLLYWOOD CHARACTERS is an unincorporated association of street performers and actors who engage in expressive activity on public sidewalks along Hollywood Boulevard. Members of the association embody the personas of fictional superheros and iconic movie stars. They perform on the sidewalk as they impersonate the characters, adopting their voices, appearances and speech.

19. Plaintiff MATTHIAS BALKE is a member of HOLLYWOOD CHARACTERS. He has performed on Hollywood Boulevard periodically as Wolverine for several years. He was detained, handcuffed and cited on June 4, 2010 for allegedly obstructing a public sidewalk. He was required to retain criminal defense counsel to represent him against the charges, which were rejected on July 2, 2010. He is concerned that he may be subjected to arrest again if he is present in the same area of Hollywood Boulevard, whether or not he is performing as Wolverine.

20. Plaintiff MELISSA BETHIAN is a member of HOLLYWOOD CHARACTERS. She has been performing on Hollywood Boulevard for less than a year. She was detained, handcuffed, transported and held at the Wilcox Station on June 4, 2010, then transported and held at the Van Nuys Station until finally being released in the middle of the night, with two bus tokens but without charges filed. The purported basis of her arrest was that she was obstructing a public sidewalk. She is concerned that she may be subjected to arrest again if she is present in the same area of Hollywood Boulevard, whether or not she is performing as Cat Woman.

21. Plaintiff PAUL HARRELL is a member of HOLLYWOOD CHARACTERS. He has been performed on Hollywood Boulevard as The Joker for several years. He was detained, handcuffed and cited on June 4, 2010 for allegedly obstructing a public sidewalk. He was required to retain criminal defense counsel to represent him against the charges, which were rejected on July 2, 2010. He is

6

1 concerned that he may be subjected to arrest again if he is present in the same area of Hollywood Boulevard, whether or not he is performing in his persona as Wolverine.

22. Plaintiff TERRELL "TONY" TOMEY is a member of HOLLYWOOD CHARACTERS. He has been performed on Hollywood Boulevard periodically as Wolverine for several years. He was detained, handcuffed and arrested on June 2, 2010 for allegedly obstructing a public sidewalk. He was held in custody for more than a day before being released without charges filed. He is concerned that he may be subjected to arrest again if he is present in the same area of Hollywood Boulevard, whether or not he is performing in his persona as Wolverine.

**Defendants:**

23. Defendant CITY OF LOS ANGELES (hereinafter "CITY") is a municipal entity, organized as a Charter City under the laws of the State of California, with the capacity to sue and be sued. The CITY is the legal and political governmental entity responsible for the actions of the Los Angeles Police Department, its officials, agents, and employees. The CITY is sued in its own right, and on the basis of the acts of its officials, agents, and employees.

24. Officer CHACON (Badge # 36929) is an employee of the Defendant CITY and the LAPD. He was one of the officers responsible for the arrest of the plaintiffs. He is sued in his official and individual capacity.

25. Officer MACHADO (Badge # 37048) is an employee of the Defendant CITY and the LAPD. He was one of the officers responsible for the arrest of the plaintiffs. He is sued in his official and individual capacity.

26. Officer GONZALES (Badge # 37578) is an employee of the Defendant CITY and the LAPD. He was one of the officers responsible for the arrest of the plaintiffs. He is sued in his official and individual capacity.

27. Officer JORDAN (Badge # 32285) is an employee of the Defendant CITY and the LAPD. He was one of the officers responsible for the arrest of the plaintiffs. He is sued in his official and individual capacity.

28. Officer RUTKOWSKI (Badge # 40290) is an employee of the Defendant CITY and the LAPD. He was one of the officers responsible for the arrest of the plaintiffs. He is sued in his official and individual capacity..

29. Defendants DOE 1-10 are officers with the LAPD, who were involved in the detention and/or arrest of plaintiffs. Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1-10, inclusive, and therefore sue these defendants by such fictitious names. DOES 1-10 are sued on the basis that one or more of the DOE defendants directed, participated in and/or failed to prevent the detention and arrest of plaintiffs while plaintiffs were engaged in lawful First Amendment activity, and that one or more of the DOE defendants used force to detain, handcuff and arrest the plaintiffs without probable cause. Plaintiffs will amend this complaint to allege the true names and capacities of each of the DOE defendants as such information is ascertained. Plaintiffs are informed and believe and based thereon allege that defendants DOES 1-10 are responsible in some manner for the damages and injuries the plaintiffs suffered.

## FIRST CAUSE OF ACTION
## FIRST AMENDMENT AND 42 U.S.C. § 1983;
## CALIF. CONSTITUTION, ART. I, sec. 2
### Violation of the Right of Free Speech

30. Plaintiffs reallege and incorporate herein by reference the allegations contained previously and subsequently in this Complaint.

31. The conduct of the defendants violates, and was taken in retaliation for, plaintiffs exercise of their First Amendment rights to be present and perform on public sidewalks and other public fora. Defendants have no time, place or manner regulations restricting Defendants' expressive activities in this area or, for that matter, on any public sidewalk in the City. The arrest of plaintiffs, including members of the HOLLYWOOD CHARACTERS, violates the First Amendment rights of the plaintiffs.

32. As a direct result of defendants' unlawful conduct, plaintiffs have

suffered violations of their First Amendment rights. Plaintiffs have fear and apprehension that they will continue to be subject to defendants' unlawful efforts to intimidate plaintiffs from engaging in First Amendment protected activity in the public fora which are the sidewalks along Hollywood Boulevard.

33. As a direct and proximate consequence of defendants' unlawful actions, plaintiffs have suffered damages, including loss of their constitutional rights, pain and suffering, humiliation and embarrassment. Plaintiffs are entitled to compensatory damages and punitive damages against the individual defendants as permitted by law.

## SECOND CAUSE OF ACTION
## FOURTH AMENDMENT AND 42 U.S.C. § 1983;
## CALIF. CONSTITUTION, ART. I, sec. 13
### Violation of the Right to Be Free from Unreasonable Seizure

34. Plaintiffs reallege and incorporate herein by reference the allegations contained previously and subsequently in this Complaint.

35. The acts by defendants described above constitute violations of plaintiffs' right to be free from an unreasonable seizure as guaranteed by the Fourth Amendment to the U.S. Constitution. Defendants seized and handcuffed the individual plaintiffs for purported violations of LAMC § 41.18(a), despite the fact that plaintiffs were not blocking the sidewalk and that, in fact, if anyone was blocking the sidewalks, it was the tourists who gathered to take plaintiffs' photographs.

36. As a direct result of defendants' unlawful conduct, plaintiffs have suffered violations of their Fourth Amendment rights. Plaintiffs have fear and apprehension that they will continue to be subject to violations of their Fourth Amendment rights as a result of defendants' unlawful efforts to deter and prevent plaintiffs from engaging in First Amendment protected activity by performing on Hollywood Boulevard. Plaintiffs are entitled to compensatory damages and punitive damages against the individual defendants, as permitted by law.

37. As a direct and proximate consequence of defendants' unlawful actions, plaintiffs have suffered damages, including loss of their constitutional rights, pain and

suffering, humiliation and embarrassment.

### THIRD CAUSE OF ACTION
### INJUNCTIVE RELIEF
### (By All Plaintiffs Against Defendant City)

38. Plaintiffs reallege and incorporate herein by reference the allegations contained previously and subsequently in this Complaint.

39. Defendants have engaged in a course of unlawful conduct aimed at deterring and preventing plaintiffs from exercising their First Amendment rights as street performers on Hollywood Boulevard. As part of that unlawful course of conduct, defendants have ordered plaintiffs to leave the area, threatened them with arrest, and arrested plaintiffs when they have asserted their protected First Amendment rights.

40. Plaintiffs want to continue performing on Hollywood Boulevard in the immediate future, but are fearful they will suffer repeated violations of their rights due to defendants' policies, practices or customs when they are in the area. Plaintiffs also live in this area and they are forced to change the places where they shop and socialize in order to avoid the area of their arrests and avoid possible future arrests.

41. Plaintiffs have suffered irreparable harm and, absent extraordinary relief from this Court, will continue to suffer irreparable harm by being subjected to unwarranted and unlawful violations of their First and Fourth Amendment rights. Damages will not be an adequate remedy at law because damages cannot adequately compensate plaintiffs for the loss of their fundamental constitutional rights. An actual controversy has now arisen and exists between plaintiffs and defendants regarding the challenged policies, practices or customs implemented and engaged in by defendants with respect to plaintiffs' expressive activity as street performers on Hollywood Boulevard. Plaintiffs contend that defendants are engaging in unconstitutional conduct in violation of the First and Fourth Amendments to the U.S. Constitution, in an apparent effort to harass and intimidate them and drive them away from the public fora of Hollywood Boulevard.

42. Plaintiffs are informed and believe, and on that basis allege that defendants dispute these contentions and contend otherwise.

43. Plaintiffs desire and request a judicial determination of their constitutional rights and the constitutional limitations of conduct by defendants, and specifically that plaintiffs' contentions regarding the First Amended protected nature of their activity, as set forth above, are correct.

44. This declaration is necessary and appropriate at the present time in order to set at rest the constitutional rights and obligations of the parties.

### FOURTH CASE OF ACTION
### THREATS, INTIMIDATION OR COERCION
### (California Civil Code Section 52.1)

45. Plaintiffs reallege and incorporate herein by reference the allegations contained previously and subsequently in this Complaint.

46. The Defendants by their conduct interfered by threats, intimidation, or coercion, or attempted to interfere by threats, intimidation, or coercion, with the exercise or enjoyment of Plaintiffs rights as secured by the First and Fourth and Amendments to the United States Constitution and of the rights secured by the Constitution and laws of the state of California, including but not limited to California Constitution Art. I, sec. 2 and 13 and California Civil Code §51.7.

47. There was no lawful justification for defendants to threaten, intimidate or coerce any of the plaintiffs, or to attempt to use threats, intimidation or coercion to interfere with Plaintiffs' First Amendment rights. Defendants' actions were taken with malice and oppression to deter and/or prevent plaintiffs' from exercising their protected First Amendment rights and in retaliation for the exercise of those rights.

48. As a direct and proximate consequence of defendants' actions, plaintiffs suffered, and continue to suffer pain and suffering, humiliation and embarrassment and are entitled to injunctive relief and compensatory damages for injury to their person, and punitive damages against the individual defendants as permitted by law.

## FIFTH CAUSE OF ACTION
## FREEDOM FROM VIOLENCE OR INTIMIDATION
### (California Civil Code Section 51.7)

49. Plaintiffs reallege and incorporate herein by reference the allegations contained previously and subsequently in this Complaint.

50. Plaintiffs have a right to be free from violence or intimidation in the exercise of their protected rights. Defendants' actions violated plaintiffs' rights to be free from violence, or intimidation by threat of violence, committed against their person because of their exercise of their First Amendment rights to perform in public fora and their association with others who do so.

51. Defendants' unlawful actions were done willfully, maliciously, and with the specific intent to touch Plaintiffs without consent and cause them harm.

52. As a direct and proximate consequence of Defendants' actions, plaintiffs suffered, and continue to suffer, pain and suffering, humiliation and embarrassment and are entitled to compensatory damages for injury to their person, as well as exemplary damages against the individual defendants as permitted by law.

## SIXTH CAUSE OF ACTION
## FALSE IMPRISONMENT/FALSE ARREST

53. Plaintiffs reallege and incorporate herein by reference the allegations contained previously and subsequently in this Complaint.

54. Defendants arrested the individual Plaintiffs without probable cause or lawful justification. Plaintiffs were confined by defendants against their will.

55. As a direct and proximate consequence of defendants' actions, plaintiffs suffered, and/or continue to suffer, pain and suffering, humiliation and embarrassment and, therefore, are entitled to compensatory damages for injury to their person, as well as punitive damages against the individual defendants as permitted by law.

WHEREFORE, Plaintiffs pray for relief as follows:

1. A temporary restraining order, enjoining defendants their officers, agents

and employees from interfering with plaintiffs' constitutionally protected rights under the First and Fourth Amendments;

2. A preliminary and permanent injunction, enjoining defendants, their officers, agents and employees from interfering with plaintiffs' constitutionally protected rights under the First and Fourth Amendments;

3. For a declaration that defendants' past, present and threatened future actions violate Plaintiffs' rights to speech, assembly and association under the First Amendment and to be free from unreasonable seizure under the Fourth Amendment.

4. For costs of suit pursuant to 28 U.S.C. § 1920. 42 U.S.C. § 1988 and California Civil Code §§ 52.1(h) and 1021.5;

5. For attorneys' fees pursuant to 42 U.S.C. § 1988, California Civil Code §§ 1021.5 and 52.1(h); and

6. For other such relief as this Court deems just and proper.

DATED: August 6, 2010

Respectfully submitted,

LAW OFFICE OF CAROL A. SOBEL
LAW OFFICE OF REBECCA F. THORNTON

Carol A. Sobel

By: CAROL A. SOBEL
Attorneys for Plaintiffs

DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial in this matter.

Respectfully submitted,

August 6, 2010

LAW OFFICE OF CAROL A. SOBEL
LAW OFFICE OF REBECCA F. THORNTON

*Carol A. Sobel*

By: CAROL A. SOBEL
Attorneys for Plaintiffs

Name & Address:
Carol A. Sobel   SBN 84483
Law Office of Carol A. Sobel
429 Santa Monica Boulevard, Ste. 550
Santa Monica, CA 90401
t. 310 393-3055  f. 310 393-3605

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLYWOOD CHARACTERS, an unincorporated association, MATTHIAS BALKE, MELISSA BEITHAN, PAUL HARRELL, TERRELL "TONY" TOMEY,<br><br>PLAINTIFF(S)<br>v.<br>CITY OF LOS ANGELES, a municipal entity, OFFICER CHACON (Badge #36926), OFFICER GONZALES (Badge # 37578), OFFICER MACHADO (Badge # 37048), OFFICER JORDAN (Badge # 32285), OFFICER RUTKOWSKI (Badge # 40290) and DOES 1- 10, all in 10, all in their official and individual capacities,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV10 5848 DDP (CWx)**<br><br><br>SUMMONS |

TO: DEFENDANT(S): <u>CITY OF LOS ANGELES and LAPD OFFICERS CHACON, GONZALES, MACHADO, JORDAN, RUTKOWSKI</u>

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>CAROL A. SOBEL</u>, whose address is <u>429 SANTA MONICA BLVD., STE. 550, SANTA MONICA, CA 90401</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: <u>AUGUST 6, 2010</u>     By: **CHRISTOPHER POWERS**
                                    Deputy Clerk

                                    (Seal of the Court)  SEAL

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)                    **SUMMONS**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

**CV10- 5848 DDP (CWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Hollywood Characters, Matthias Balke, Melissa Bethian, Paul Harrell, Terrell "Tony" Tomey

**DEFENDANTS**
City of Los Angeles, Officer Chacon, Officer Gonzales, Officer Machado, Officer Jordan, Officer Rutkowski

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Carol A. Sobel   SBN 84483    T. 310 393-3055
Law Office of Carol A. Sobel
429 Santa Monica Blvd., Ste. 550, Santa Monica, CA 90401

**Attorneys (If Known)**
Carmen J. Trutanich
Los Angeles City Attorney
City Hall East
Los Angeles, CA 90012

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☑ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No    ☑ **MONEY DEMANDED IN COMPLAINT:** $ TBD

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Sec. 1983: First and Fourth Amendment for arrests of street performers on Hollywood Boulevard

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending |  | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument |  |  | ☐ 535 Death Penalty |  |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations |  | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
|  | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV |  | ☐ 355 Motor Vehicle Product Liability |  | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service |  |  | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting |  | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 |  | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
|  | ☐ 160 Stockholders' Suits |  | ☐ 443 Housing/Acco-mmodations |  | ☐ 861 HIA (1395ff) |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability |  |  | ☐ 862 Black Lung (923) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability |  | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 892 Economic Stabilization Act |  | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck |  |
|  | ☐ 196 Franchise |  |  | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 893 Environmental Matters | REAL PROPERTY |  |  | ☐ 660 Occupational Safety/Health | ☐ 865 RSI (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities - Other |  | FEDERAL TAX SUITS |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application |  | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment |  | ☑ 440 Other Civil Rights |  |  |
|  | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee |  |  | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions |  |  |  |
|  | ☐ 290 All Other Real Property |  |  |  |  |

**FOR OFFICE USE ONLY:**     Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                                    CIVIL COVER SHEET                                          Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) 
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Carol A. Sobel_ Date August 6, 2010

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |