ROCKARD J. DELGADILLO, City Attorney (SBN (125465x)
MICHAEL L. CLAESSENS, Senior Assistant City Attorney (SBN 125379)
LAURIE RITTENBERG, Assistant City Attorney (SBN 106683)
**JOHN CARVALHO,** Deputy City Attorney (SBN 189895)
**CASEY CHON**, Deputy City Attorney (SBN 232384)
200 North Main Street, 9th Floor, City Hall East
Los Angeles, California 90012-4130
Telephone: (213) 473-6878
Facsimile: (213) 473-6818

Attorneys for Defendant
CITY OF LOS ANGELES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLYWOOD CHARACTERS, an unincorporated association, MATTHIAS BALKE, MELISSA BEITHAN, PAUL HARRELL, TERRELL "TONY" TOMEY,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, a municipal entity, OFFICER CHACON (Badge # 36926), OFFICER GONZALES (Badge # 37578), OFFICER MACHADO (Badge # 37048), OFFICER JORDAN (Badge # 32285), OFFICER ROTKOWSKI (Badge # 40290) and DOES 1-10, all in their official and individual capacities,<br><br>Defendants. | **CASE NO.:  CV 10-5848 DDP (CWx)**<br><br>Assigned to the Hon. Dean D. Pregerson<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFFS' APPLICATION FOR A PRELIMINARY INJUNCTION**<br><br>Courtroom: 3 |

Defendant City of Los Angeles ("City") hereby opposes the APPLICATION FOR PRELIMINARY INJUNCTION ("APPLICATION") filed by Plaintiffs Hollywood Characters, Matthias Balke, Melissa Beithan, Paul Harrell, and Terrel "Tony" Tomey (collectively, Plaintiffs").

## I.     INTRODUCTION

Plaintiffs argue that since their application for a temporary restraining order was denied, "the City has continued to enforce criminal laws against individuals performing in costume on Hollywood Boulevard." Notwithstanding that persons performing in costume are not immune from prosecution for violating criminal laws, Plaintiffs new effort in obtaining interim injunctive relief is substantially identical to Plaintiffs' previous effort, and consequently, it is neither compelling nor meritorious.

None of the new "evidence" Plaintiffs submit in support of their Application demonstrates by any measure that Plaintiffs have a legitimate fear of imminent arrest if they appear on Hollywood Boulevard dressed in costume. Rather, the new declarations submitted by Plaintiffs contain hearsay and self-contradictory statements that add nothing to show an unwritten policy on the part of the City of arresting street performers for soliciting donations on Hollywood Boulevard or engaging in any other form of protected speech. The pictures and video submitted by Plaintiffs is equally irrelevant. In effect, Plaintiffs new Application is identical to their earlier application that was denied.

More significantly, Plaintiffs fail to establish standing to seek injunctive relief against the City. Plaintiffs' alleged fear of injury is too speculative to raise a case or controversy for injunctive relief. Plaintiffs' fear that their rights will be violated absent an injunction is based on conjecture, not anything concrete. In the five months since their arrests, Plaintiffs have not had any further encounters with the police while performing in costume on Hollywood Boulevard. There is no evidence to suggest that Plaintiffs are in imminent threat of arrest if they perform on Hollywood Boulevard. Therefore, Plaintiffs have no standing to seek an injunction against the City.

///

///

1

## II. BACKGROUND

Plaintiffs dress up as comic book and movie characters and "perform" on Hollywood Boulevard by impersonating the "voices, mannerisms, and dialogue" of such characters while "interact[ing] with the public." [Complaint p. 2:13-19]

Between June and July 2010, Plaintiffs were each arrested on one occasion by an officer from the Los Angeles Police Department (LAPD) for obstructing pedestrian traffic or loitering on the sidewalk of Hollywood Boulevard in violation of LAMC section 41.18. On August 6, 2010, Plaintiffs filed the within complaint against the City and several individual LAPD officers alleging that their arrests were wrongful and conducted in retaliation for Plaintiffs' exercising of their First Amendment rights to free expression in the public fora. Plaintiffs allege claims under 42 U.S.C. § 1983, the First Amendment, the Fourth Amendment, Article 1, sections 2 and 13, and various state tort claims, and seek compensatory, punitive damages, and injunctive relief.

On August 31, 2010, Plaintiffs filed an Ex Parte Application for a Temporary Restraining Order ("TRO Application") to enjoin defendants from enforcing or threatening to enforce L.A.M.C. §§41.18 (obstructing pedestrian travel/loitering) or 41.59 (aggressive solicitation) against costumed characters on Hollywood Boulevard absent specific enumerated evidence. Plaintiffs' TRO Application was denied on the ground that their alleged fear of future arrest is "too speculative" in that they failed to show "a pattern, practice, or policy" of misconduct by defendants that violate Plaintiffs' constitutional rights. [Order on TRO Application pp.6-7] The denial was made without prejudice to allow Plaintiffs to bring a motion for a preliminary injunction in the event they "uncover further evidence supporting their theory that the City has an 'unwritten' policy of arresting street performers for soliciting donations in violation of their constitutional rights." *Id.* at p. 7:5-11.

Plaintiffs offer the following additional "evidence" to support this Application:

- On June 3, 2010, James Hinton Hill III, an individual who identifies himself as a member of the "Hollywood Characters," was cited for violating L.A.M.C. § 41.18 while filming on Hollywood Boulevard. Mr. Hill (who is not a named plaintiff) was not in costume and was not "performing" on the day of this citation;

2

- On October 2, 2010, Plaintiff Balke witnessed 2 unidentified "friends" dressed in costume on Hollywood Boulevard being "approached" by LAPD officers and "threatened" with arrest.
- Pictures and videos of some of the arrests alleged in the complaint

[Application p. 4:2-20; Plaintiffs' Exhibits K and L]

Plaintiffs remain in fear that if they return to Hollywood Boulevard dressed in costume, they will be "threatened with arrest" by the LAPD. Plaintiffs seek the identical injunction requested in the TRO Application.

### III. ARGUMENT

#### A. Preliminary Injunction Standard

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, ___, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008). The movant must establish that the threat of injury is immediate, and that irreparable injury is "likely" to occur in the absence of an injunction. See Winter, *supra*, 129 S. Ct. at 375; Caribbean Marine Services Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988); Los Angeles v. Lyons, 461 U.S. 95, 103, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 375-375.

#### B. Plaintiffs Lack Standing To Seek Injunctive Relief

Standing under Article III of the Constitution requires a plaintiff to have suffered an "injury in fact," defined as "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) (citations and internal quotation marks omitted). To be "imminent," the plaintiff must show that the injury is "*certainly* impending." *Id*. at 564, n.2 (emphasis in original). The purpose of his requirement is to avoid conferring standing on a party on which no injury would have occurred at all in the absence of judicial action. *Id*.

Standing "is not 'an ingenious academic exercise in the conceivable.'" *Id*. at 566 (*citing* United States v. Students Challenging Regulatory Agency Procedures, 412 U.S. 669, 688, 37 L. Ed. 2d 254, 93 S. Ct. 2405 (1973)).  "The plaintiff must show that he 'has sustained or is immediately in danger of sustaining some direct injury' as a result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" Lyons, *supra*, 461 U.S. at 101-102.  Plaintiffs do not meet this standard.

Plaintiffs seek injunctive relief based on their fear that if they "perform" in costume on Hollywood Boulevard, they may be arrested or cited for violating the City ordinances proscribing (1) blocking pedestrian walkways, (2) loitering and (3) aggressive solicitation.  Plaintiffs' fears stem from the fact that each has been arrested once previously while "performing" on Hollywood Boulevard.  Similar claims were found by the Supreme Court in Lyons, *supra*, not to satisfy the Article III's standing requirement.

The plaintiff in Lyons was stopped for a traffic violation by the LAPD.  During the stop, and allegedly without threat or provocation, Lyons was placed in a chokehold and rendered unconscious.  *Id*. at 97.  Lyons sued for damages and injunctive relief, and also moved successfully for a preliminary injunction to prevent the LAPD from allowing its officers to apply chokeholds in situations where deadly force is not threatened.  *Id*. at 99-100.  That order was reversed by the Supreme Court.

 The Supreme Court reversed on the ground that Lyons had failed to establish standing to seek injunctive relief.  "Lyons' assertion that he may again be subject to an illegal chokehold does not create the actual controversy that must exist for a declaratory judgment to be entered. . . . The additional allegation in the complaint that the police in Los Angeles routinely apply chokeholds in situations where they are not threatened by the use of deadly force falls far short of the allegations that would be necessary to establish a case or controversy between these parties." *Id*. at 104-105.  The Court noted that five months had passed since Lyons arrest and the filing of the complaint without any further "unfortunate encounters between Lyons and the police." *Id*. at 108.

"Absent a sufficient likelihood that he will again be wronged in a similar way, Lyons is no more entitled to an injunction than any other citizen of Los Angeles; and a federal court may

4

DEFENDANT'S OPPOSITION TO PLAINTIFFS' APPLICATION FOR A PRELIMINARY INJUNCTION

not entertain a claim by any or all citizens who no more assert that certain practices of law enforcement officers are unconstitutional. . . . If Lyons has suffered an injury barred by the Federal Constitution, he has a remedy for damages under § 1983." Id. at 111-113.

Plaintiffs' Application is based on similar speculative fear of future police encounters that may violate Plaintiffs' constitutional rights. Such speculation does not meet the standing requirements necessary to seek a preliminary injunction.

Echoing Lyons, Plaintiffs were arrested approximately five months ago in what they claim was part of the LAPD's unwritten policy to target costume characters on Hollywood Boulevard for their expressive and constitutionally protected speech rather than in the exercise of a legitimate police power. By their own admission, Plaintiffs have not been arrested again while "performing" on Hollywood Boulevard. To the extent any of the supplemental declarations submitted with the new Application are admissible over the City's evidentiary objections filed concurrently herewith, the declarations at best are irrelevant to Plaintiffs' claims, and at worst contradict those claims.

Plaintiff Balke alleges that he recently witnessed two friends dressed in costume confronted by the LAPD on Hollywood Boulevard. Plaintiff Balke states that an officer told his friends that they will be arrested and placed in jail if they are caught "wearing a costume out here." [Suppl. Decl. of Balke ¶ 3] Contrary to the alleged statement by the officer, Balke's declaration demonstrates that his friends were in fact "caught" wearing costumes on Hollywood Boulevard and yet were not arrested. The declaration does not support Plaintiffs' fear that they face imminent arrest for doing no more than appearing on Hollywood Boulevard in costume.

The declaration and attached video clip by James Hill III is even less supportive of standing. First, Hill **does not** allege he was arrested or threatened by the LAPD while "performing" on Hollywood Boulevard. Second, Hill admits standing in the middle of the sidewalk for approximately 15 minutes while filming with his laptop computer before he was approached by an LAPD officer and asked to stop blocking pedestrian traffic. [Suppl. Decl. Hill ¶ 3] Again, this new "evidence" does nothing to support Plaintiffs' fear that they will be arrested for performing in costume on Hollywood Boulevard.

5

DEFENDANT'S OPPOSITION TO PLAINTIFFS' APPLICATION FOR A PRELIMINARY INJUNCTION

The other additional evidence offered by Plaintiffs—pictures and video of two arrests alleged in the complaint—do not offer any indication that the arrests were wrongful. The evidence is simply that arrests were made, nothing more.

This new "evidence" does not support Plaintiffs' claim that costume characters are in imminent threat of arrest for exercising their First Amendment rights if no injunction is issued. Therefore, Plaintiffs have failed to demonstrate standing to seek any form of injunctive relief.

### B.     Plaintiffs Are Not Likely To Succeed On The Merits

Speech that solicits funds is protected by the First Amendment. *See* International Society for Krishna Consciousness, Inc. v. Lee, 505 U.S. 672, 677, 112 S. Ct. 2701, 120 L. Ed. 2d 541 (1992). Rules that regulate solicitation in the public fora are therefore subject to the same standards as those that limit other forms of speech. *See* ACLU of Nevada v. City of Las Vegas (ACLU II), 466 F.3d 784, 792 (9th Cir. 2006). Thus, solicitation regulations must be content-neutral, narrowly tailored, and leave open reasonable alternative channels for expression. *Id*.

Plaintiffs do not allege that any of the City's ordinances, including L.A.M.C. §§ 41.18 and 41.59, regulate speech in violation of these requirements. Instead, Plaintiffs allege that the City's ordinances are being enforced in a manner that discriminates against costume characters on Hollywood Boulevard.

Claims of selective prosecution are judged according to equal protection standards. Wayte v. United States, 470 U.S. 598, 608, 105 S. Ct. 1524, 84 L. Ed. 2d 547 (1985). To state a selective prosecution claim under the Equal Protection Clause, the "plaintiff must demonstrate that enforcement had a discriminatory effect and the police were motivated by a discriminatory purpose." Rosenbaum v. City and County of San Francisco, 484 F.3d 1142, 1152 (9th Cir. 2007). Further, plaintiffs "seeking to enjoin alleged selective enforcement must demonstrate the police misconduct is part of a 'policy, plan, or a pervasive pattern.'" *Id*. at 1153 (*quoting* Thomas v. County of Los Angeles, 978 F.2d 504, 509 (9th Cir. 1993)).

Plaintiffs make no such showing. They offer no evidence at all that the City's enforcement of its ordinances on Hollywood Boulevard has a discriminatory effect on costume characters. Instead, Plaintiffs allege simply that four costume characters were arrested for blocking sidewalks and/or aggressive solicitation since June of this year, and then *speculate*

that said ordinances are not enforced against non-costume characters.  No evidence at all is presented to support even an inference that costume characters are the victims of selective enforcement.

Nor does Plaintiff demonstrate a "policy, plan, or a pervasive pattern" by the City to selectively enforce its ordinances on Hollywood Boulevard.  This Court invited Plaintiffs to present such evidence if any is found, and instead Plaintiffs bring this Application with nothing additional other than hearsay, self-contradictory, and irrelevant declarations, pictures and video.

## IV.  CONCLUSION

For each of the foregoing reasons, the City respectfully requests that this Court deny Plaintiffs' Application for a Preliminary Injunction.

DATED:  October 18, 2010         Respectfully submitted,

OFFICE OF THE CITY ATTORNEY


By:   /s/
JOHN CARVALHO, Deputy City AttornEY
CASEY CHON, Deputy City Attorney