CAROL A. SOBEL, SBN 84483
LAW OFFICE OF CAROL A. SOBEL
429 Santa Monica Boulevard, Suite 550
Santa Monica, California  90401
T. (310) 393-3055  F. (310) 393-3605
E. carolsobel@aol.com

REBECCA F. THORNTON, SBN 231128
LAW OFFICE OF REBECCA F. THORNTON
429 Santa Monica Boulevard, Suite 550
Santa Monica, California 90401
T. (310) 393-3055  F. (866) 499-5162
E. rebecca@humanrightsesq.com

Attorneys for Plaintiffs, HOLLYWOOD CHARACTERS, ET AL.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| HOLLYWOOD CHARACTERS, et al., | ) CASE NO. CV 10-5848 DDP (CWx) |
| | ) |
| | ) REPLY IN SUPPORT OF |
| Plaintiffs, | ) PRELIMINARY INJUNCTION |
| | ) |
| vs. | ) DATE:     Nov. 8, 2010 |
| | ) TIME:     10:00 a.m. |
| CITY OF LOS ANGELES, et al., | ) Ctrm:          3  Hon. Dean D. |
| | )                    Pregerson |
| Defendants. | ) |
| _____ | ) Action Filed: August 6, 2010 |
| | |
| | Trial Date:   None |

## I.      INTRODUCTION

Defendants' opposition is stunning for its failure to discuss any of the decisions of the Supreme Court and the Ninth Circuit repeatedly affirming First Amendment protection for the expression that resulted in plaintiffs' arrests in this instance. Apparently unable to distinguish those cases, defendants simply ignore them and present an argument devoid of any analysis of the special rules applied to alleged violations of First Amendment rights.  The primary and erroneous focus of defendants' opposition is that plaintiffs have no standing to seek injunctive relief in this instance, relying on *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983).

Defendants' second argument is equally without merit.  Plaintiffs do not claim an equal protection violation, nor need they do so to assert a violation of their First and Fourth Amendment rights by arresting and/or prosecuting them.  It is not a matter of prosecuting them but not prosecuting others who violate the same laws.  Rather, plaintiffs' expression may not be punished at all consistent with First Amendment principles.  As to plaintiffs, the ordinance barring sidewalk obstruction and loitering, as well as the solicitation ordinance, are unconstitutional as applied to their expressive activities.

Plaintiffs have met all requirements for a preliminary injunction in this instance. They have shown injury caused by defendants and a certainty of prevailing on the merits.

## II.     PLAINTIFFS HAVE STANDING TO SEEK INJUNCTIVE RELIEF

The central flaw in defendants' standing argument is the failure to consider the special rules applied in First Amendment cases, which *Lyons* was not. The "irreducible constitutional minimum of standing" requires that three elements be satisfied: 1) an injury in fact; 2) evidence of causation; and, 3) the likelihood that a favorable decision

will redress the injury. *Lujan v. Defenders of Wildlife*, 405 U.S. 555, 560-61 (1992). At the preliminary injunction stage, plaintiffs must make a "clear showing" of an injury in fact. *Winter v. Natural Resources Def. Council, Inc.,* 129 S. Ct. 365, 376, (2008).

An "injury in fact" requires evidence of "an invasion of a legally protected interest" that is 1) "concrete and particularized"; and 2) "actual or imminent," but not "conjectural" or "hypothetical." *Lujan*, 405 U.S. at 560. Plaintiffs establish that an "injury in fact" is particularized if they show that it has impacted them in a "personal and individualized way." *Id.* at 561 n.1. An injury in fact may be shown by a past prosecution or enforcement of a statute in a manner that violates First Amendment rights. *See, e.g., Steffel v. Thompson,* 415 U.S. 452, 459 (1974) (injury in fact where plaintiff was warned twice to stop distributing leaflets and threatened with prosecution if he did not do so). While an injury need only be an "identifiable trifle,"[1] the harm here is far greater as each plaintiff has been arrested, handcuffed and transported to jail, with several criminally charged and required to appear in court before the charges were ultimately dropped.[2]

The second standing element is also met. Plaintiffs have shown that their injuries were caused by the defendants, who arrested them and threatened future arrests if the plaintiffs returned to Hollywood Boulevard.

The third element is satisfied, as well. An order from the court would likely

---

[1] *Council of Ins. Agents & Brokers v. Molasky-Arman*, 522 F.3d 925, 932 (9th Cir. 2008), citing *United States v. Students Challenging Regulatory Agency Procedures ("SCRAP")*, 412 U.S. 669, 689 n.14 (1973).

[2] Plaintiffs have also submitted declarations from members of the associational plaintiff – Christopher Dennis and James Hill – who have similarly been arrested, cited and/or threatened with criminal prosecution for expressive activity in the same public forum. Within two months of the charges being dismissed, plaintiffs filed for injunctive relief.

1   redress the injury that the plaintiffs have suffered and continue to suffer.  Time and again,

2   the Supreme Court and the Ninth Circuit have enjoined the use of statutes imposing

3   criminal penalties on the exercise of core expressive activity.  The Courts have repeatedly

4   emphasized that when First Amendment rights are at stake an individual does not have

5   to risk criminal prosecution in order to have standing to challenge the unlawfulness of

6   government conduct that "chills" protected expression.

7

8       When the application of a statute "risks chilling the exercise of First

9   Amendment rights, 'the Supreme Court has dispensed with rigid standing

10  requirements,' *Cal. Pro-Life Council, Inc. v. Getman (CPLC-I)*, 328 F.3d

11  1088, 1094 (9th Cir. 2003), and recognized 'self-censorship' as 'a harm that

12  can be realized even without an actual prosecution,' *Virginia v. Am.*

13  *Booksellers Ass'n*, 484 U.S. 383, 393 [ ] (1988); *see also Dombrowski v.*

14  *Pfister*, 380 U.S. 479, 486 [ ] (1965) ... .  As we have held, where a plaintiff

15  has refrained from engaging in expressive activity for fear of prosecution

16  under the challenged statute, such self-censorship is a 'constitutionally

17  sufficient injury' as long as it is based on 'an actual and well-founded fear'

18  that the challenged statute will be enforced.  *CPLC-I*, 328 F.3d at 1093,

19  1095; *see also Ariz. Right to Life PAC v. Bayless*, 320 F.3d 1002, 1006 (9th

20  Cir. 2003) (... entity ... 'forced to modify ... speech and behavior to comply

21  with the statute' had suffered injury even though the organization 'neither

22  violated the statute nor been subject to penalties for doing so').  Such fear

23  exists if the 'intended speech arguably falls within the statute's reach.'

24  *CPLC-I*, 328 F.3d at 1095.

25

26  *Human Life of Washington, Inc. v. Brumsickle*, 2010 U.S. App. LEXIS 21028, *20-21

27  (9th Cir. Oct. 12, 2010) (ellipsis supplied).

28

It makes no difference whether plaintiffs are claiming that a particular statute is facially unconstitutional, as in *American Booksellers Assn.,* or unconstitutional as applied to their expressive activity.  As the Court recently emphasized in *Center for Bio-Ethical Reform, Inc. v. Los Angeles County Sheriff's Dept.*, 533 F.3d 780 (9th Cir. 2008), the misapplication of the law even once may be the basis for injunctive relief.

In *Center for Bio-Ethical Reform, Inc.*, the Court reversed a grant of summary judgment in favor of the defendants and remanded for injunctive relief to be entered for the plaintiffs, a group of anti-abortion demonstrators who had been detained by deputies because of their display of graphic images of aborted fetuses on a vehicle parked on a public street outside of a school.  The officers not only ordered the anti-abortion activists to leave on the threat of arrest for violating Penal Code § 626.8,[3] based on "disruption" of the school, but also unlawfully detained the plaintiffs to search their vehicle.  *Id.* at 794.   Holding that § 626.8 could not be applied to criminalize the expressive activities of the anti-abortion group on a public street, the Court held that "misapplying a statute is not a significant governmental interest.  ... We hold that the Deputy  Sheriffs violated Plaintiffs' *First Amendment* right of free speech."  *Id.* (edit supplied).  As *Center for*

---

[3]  California Penal Code § 626.8(a) provides, in pertinent part:

(a) Any person who comes into any school building or upon any school ground, or street, sidewalk, or public way adjacent thereto, without lawful business thereon, and whose presence or acts interfere with the peaceful conduct of the activities of the school or disrupt the school or its pupils or school activities, is guilty of a misdemeanor if he or she does any of the following:

   (1) Remains there after being asked to leave by the chief administrative official of that school or his or her designated representative, or by a person employed as a member of a security or police department of a school district pursuant to Section 39670 of the Education Code, or a city police officer, or sheriff or deputy sheriff ...

*Bioethical Reform* demonstrates, there is no requirement that plaintiffs establish that their injuries result from an equal protection or *Monell* violation before they are entitled to injunctive relief.

Because plaintiffs satisfy all elements of standing for injunctive relief, they do "'not have to await the consummation of threatened injury to obtain preventive relief.' [Citation.] It is sufficient for standing purposes that the plaintiff intends to engage in 'a course of conduct arguably affected with a constitutional interest' and that there is a credible threat that the challenged provision will be invoked against the plaintiff." *LSO v. Stroh*, 205 F.3d 1146, 1154-55 (9th Cir. 2000) (bracketed edit supplied). Significantly, in this instance defendants have not "disavow[ed] application of the challenged provision." *Id.* at 1155. "Finally, when the threatened enforcement effort implicates First Amendment rights, the inquiry tilts dramatically toward a finding of standing." *Id.* (citations omitted) (brackets supplied). In sum, plaintiffs have met all standing requirements and are entitled to a preliminary injunction against further violations of their First and Fourth Amendment rights.

## II.    PLAINTIFFS HAVE NOT MADE AN EQUAL PROTECTION CLAIM

Selective prosecution suggests that multiple individuals or groups have violated a law but that only some have been selected for prosecution based on some invidious classification; e.g., in retaliation for the exercise of speech. Certainly, an equal protection claim may be made on the basis that similar speech is criminalized based on content-based distinctions. *See e.g.*, *Police Dep't of Chicago v. Mosley*, 408 U.S. 92, 94-96 (1972) (finding an equal protection violation in a statute that created a content-based exemption for certain picketing). But this is not an argument plaintiffs make in this instance. Their claim is that the City's provisions criminalizing obstruction, loitering and solicitation are being unconstitutionally applied to their expressive activity.

1
2
3

**III.   DEFENDANTS HAVE FAILED TO ASSERT ANY COMPELLING INTEREST, LET ALONE ANY INTEREST, THAT MITIGATES AGAINST ISSUANCE OF THE REQUESTED INJUNCTIVE RELIEF**

4
5
6
7
8
9
10
11
12
13
14
15
16
17

Because the City decided to oppose this motion based on contentions about selective enforcement and the elements of an equal protection claim, neither of which is the basis of plaintiffs' arguments, they have failed to establish any compelling interest to justify penalizing plaintiffs for being street performers in costume on Hollywood Boulevard.  No doubt, they took this route because, "[a]s a general matter, it is unlikely the City's asserted interest in reducing obnoxious behavior by street performers could ever be considered compelling.  *See S.O.C., Inc. v. County of Clark*, 152 F.3d 1136, 1146 (9th Cir. 1998) (the government 'may have a substantial interest in preventing solicitors from harassing pedestrians on public streets and sidewalks[, but] . . . these substantial interests . . . may not be compelling').  This stated interest pales in comparison to those interests the Supreme Court has found compelling in a First Amendment context."  *Berger v. City of Seattle*, 569 F.3d 1029, 1052-53 (9th Cir. 2009 (en banc) (internal citations omitted).

18
19
20
21
22
23
24

Significantly, defendants have submitted <u>no</u> evidence to counter the concrete injury from the past prosecutions of plaintiffs, the threats of future arrests and the current enforcement by defendants against the street performers for engaging in fully protected speech.  *LSO,* 205 F.3d at 1155 (citing cases where the government failed to disavow directly an intention to apply a challenged statute).  Nor has the City submitted any evidence of a compelling interest, let alone any interest, to support these arrests.

25
26
27

The harm in this instance is both real and imminent.  "To establish irreparable injury in the First Amendment context, [plaintiffs] need only 'demonstrate the existence of a colorable First Amendment claim.' [Citations.]"  *Brown v. California Dept. of*

28

*Transportation*, 321 F.3d 1217, 1225 (9th Cir. 2003) (bracketed edit supplied).   This is so because "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns,* 427 U.S. 347, 373 (1976), *S.O.C., Inc. v. County of Clark*, 152 F.3d at 1148.

## CONCLUSION

Plaintiffs have established the necessity for, and entitlement to, a preliminary injunction in this instance to put an end to the unlawful enforcement of general laws to punish protected expression of the street performers on Hollywood Boulevard.

Dated: October 25, 2010          Respectfully submitted,

LAW OFFICE OF CAROL A. SOBEL
LAW OFFICE OF REBECCA F. THORNTON

_____/s/_____
BY: CAROL A. SOBEL
Attorneys for Plaintiffs

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CERTIFICATION OF SERVICE

The undersigned hereby certifies that all counsel of record have been served

this date with the foregoing document through the Court's ECF system.

Dated: October 25, 2010                    _____/s/_____

                                           CAROL A. SOBEL